IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROSE PEREZ,<br>Defendant. | Case No. 17-cr-00552-CRB-1<br><br>**SENTENCING ORDER** |

The Court has sentenced Defendant Rose Perez to sixty months imprisonment following her conviction for possession with intent to distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). The first Presentence Report calculated Perez's Total Offense Level as 31, based, in part, on its determination that she qualified as a career offender under United States Sentencing Guidelines §§ 4B1.1 and 4B1.2(b). At sentencing, Perez argued that the two prior convictions that the Presentence Report identified as the basis for this determination did not qualify as controlled substance offenses. The government did not disagree. This Court thus sentenced Perez on the understanding that Perez's Total Offense Level was properly calculated without the career offender enhancement, and was thus properly calculated as 28.

Although the parties did not dispute at sentencing that Perez's prior convictions did not qualify as controlled substance offenses, this Court considers it prudent to state why it agrees that these prior convictions under California Health and Safety Code § 11378 do not, in light of recent Ninth Circuit precedent, qualify as controlled substance offenses.

**I.    LEGAL STANDARD**

The United States Sentencing Guidelines provide a sentencing enhancement for

offenders who, while at least eighteen years old, commit a crime of violence or a controlled substance offense, and have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). In determining whether a prior conviction qualifies as such a crime, courts employ what is known as the "categorical approach." United States v. Leal-Vega, 680 F.3d 1160, 1163 (9th Cir. 2012). Under that approach, courts "do not examine the facts underlying the prior offense, but look only to the fact of conviction and the statutory definition of the prior offense." United States v. Pimentel–Flores, 339 F.3d 959, 968 (9th Cir. 2003) (internal citation omitted). Under that approach, "[i]f the statutory definition of the prior offense criminalizes conduct that would not constitute" either a crime of violence or a controlled substance offense, then that prior conviction is not categorically a "crime of violence" or a "controlled substance offense." Leal-Vega, 680 F.3d at 1164.

Courts then undertake what is, intuitively, called the "modified categorical approach," in which courts "determine whether the state law is divisible—i.e., whether the overly broad element sets out alternative means of committing a single crime or alternative elements of committing two or more distinct crimes." Lorenzo v. Sessions, 2018 WL 4100360, at *3 (9th Cir. Aug. 29, 2018). If a statute is divisible, courts may consider "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Leal-Vega, 680 F.3d at 1168 (quoting Shepard v. United States, 544 U.S. 13, 26 (2005)). But, if a statute is not divisible, then courts may not apply the modified categorical approach, see Descamps v. United States, 570 U.S. 254, 258 (2013), United States v. Lee, 821 F.3d 1124, 1128 (9th Cir. 2016).

## II. DISCUSSION

To determine whether Perez is properly categorized as a career offender based on her prior convictions under California Health and Safety Code § 11378, this Court must determine whether those convictions qualify as predicate controlled substance offenses

2

using the above-described categorical approach. This determination is controlled by a pair of recent Ninth Circuit opinions: Lorenzo v. Sessions, 2018 WL 4100360 (9th Cir. Aug. 29, 2018), and United States v. Leal-Vega, 680 F.3d 1160 (9th Cir. 2012).

In the former, Lorenzo, the Ninth Circuit addressed whether California Health and Safety Code § 11378 qualified as a "controlled substance offense" under 8 U.S.C. § 1227, which renders certain noncitizens eligible for deportation if they have committed, as relevant here a "controlled substance offense." 8 U.S.C. § 1227(a)(2)(B)(i). That provision, like the Sentencing Guidelines, is subject to the categorical approach. Lorenzo, 2018 WL 4100360 at *2. The Court held that under California Health and Safety Code § 11378, the "definition of methamphetamine is broader than the federal definition. Whereas the former includes geometric isomers of methamphetamine, the CSA does not. Accordingly, California law is facially overbroad under the first step in the categorical approach." Id. at *5. The Court went on to conclude that "California law demonstrates that optical and geometric isomers of methamphetamine are alternative means of committing a single controlled substance offense under California law," meaning that "[t]he overly broad methamphetamine element, therefore, is not divisible." Id. at *8. Because the modified categorical approach was therefore foreclosed, the Court held that California Health and Safety Code § 11378 did "not qualify as controlled substance offenses" under 8 U.S.C. § 1227(a)(2)(B)(i).

The inquiry, however, does not end with Lorenzo, because whether Perez has qualifying controlled substance offenses, such that she is properly deemed a "career offender," turns not on 8 U.S.C. § 1227, which Lorenzo addressed, but rather U.S.S.G. §§ 4B1.1 and 4B1.2(b). The question then becomes whether Lorenzo's holding in the immigration context applies to the Sentencing Guidelines. And the answer, as Leal-Vega instructs, is yes.

In Leal-Vega, the defendant argued that his prior conviction under California Health & Safety Code § 11351, which criminalizes "every person who possesses for sale or purchases for purposes of sale" certain controlled substances, did not qualify as a predicate

3

controlled substance offense under the Sentencing Guidelines. Leal-Vega, 680 F.3d at 1163. He relied on a series of Ninth Circuit cases which held that provisions of the California Health and Safety Code were categorically overbroad, and thus did not qualify as controlled substance offenses under immigration law. Id. at 1164-65 (citing Ruiz–Vidal v. Gonzales, 473 F.3d 1072 (9th Cir. 2007); Mielewczyk v. Holder, 575 F.3d 992, 995 (9th Cir. 2009); S–Yong v. Holder, 600 F.3d 1028, 1034 (9th Cir. 2010)). The government urged the Leal-Vega Court to distinguish between the Guidelines and immigration law contexts and conclude that an offense that did not qualify as controlled substance offense for the purposes of immigration law could, nevertheless, qualify as a controlled substance offense under the Sentencing Guidelines. Leal-Vega, 680 F.3d at 1166.

Ninth Circuit rejected the government's argument. It explained that, just as in the immigration context, "controlled substances offenses" under the Sentencing Guidelines refers to substances set out in the Controlled Substances Act. Leal-Vega, 680 F.3d at 1167 (citing 21 U.S.C. § 801 et. seq.). This holding, the Ninth Circuit observed, "harmonizes the definition in the Sentencing Guidelines with the immigration statute." Id.

The combination of Lorenzo and Leal-Vega controls this case. As Leal-Vega concluded, categorical approach conclusions in the immigration context provide guideposts in the sentencing context. Id. Thus, Lorenzo's conclusion that violations of § 11378 are not categorically controlled substances offenses dictates the result here: Perez's prior § 11378 convictions are not controlled substances offenses for the purposes of determining whether she qualifies as a career offender under the Sentencing Guidelines. Thus, because the Presentence Report identifies only Perez's two § 11378 convictions as the basis for its conclusion that she qualifies as a career offender, (Dkt. 24), and these two convictions do not qualify under the categorical approach as controlled substances offenses, this Court concludes that Perez does not qualify as a career offender.

For the foregoing reasons,

**IT IS SO ORDERED.**

Dated: September 6, 2018



_____
CHARLES R. BREYER
United States District Judge